## WARREN BULLEN *versus* HARRIET C. ARNOLD.

*It seems*, a sale of real and of personal property, by a *quitclaim* deed, gives to the grantee no title to reclamation, as to the personal property, though the title to it should fail.

If a paper, without being submitted to the court, be handed to the witness, *as a release*, and he is allowed to testify, without objection made to its sufficiency, it is to be presumed the opposing party waived any objection, which might have been made to it.

Where a deposition purports, in its caption, to have been taken and subscribed by a magistrate, his official character and the genuineness of his signature, in the absence of any proof upon the point, are to be presumed.

It is no defence to a writ of entry, that the tenant owns a building upon the land, which he had erected by the landlord's consent. For even after a recovery against him, he is entitled to reasonable time, in which to remove it.

If the owner of such a building have conveyed it in fraud of creditors, the right of his administrator is simply that of selling it.

To make up the six years, necessary to give a right to betterments, the occupation by the administratrix cannot be added to that of the intestate.

ENTRY. General issue, with claim for betterments. Joseph Bullen purchased the land in March, 1842. There were then no buildings upon it. A house and other structures were erected upon it by the tenant's husband, who occupied the same till his death, in the spring of 1847, and since that time the tenant has continued to occupy them. The land, without the buildings, is worth $90 ; with them, $850. In March, 1848, Joseph Bullen conveyed the land to the demandant, by a deed of quitclaim.

The demandant offered Joseph Bullen as a witness. On a preliminary inquiry, he testified that he, by the quitclaim deed, sold the buildings, as well as the land, to the demandant. He was then objected to on the ground of interest, but the court ruled the witness to be admissible. Though thus adjudged to be admissible, a paper called a release was then handed to him. The defendant still objected to the witness, and contended that his interest was not removed by the release. But the witness testified in the case.

The demandant offered a deposition. The defendant objected to the reading of it, until it should be proved that the

signature of the person, who purported to have taken it, was genuine; and that said person was a magistrate.

The deposition was admitted without such proof.

The tenant is administratrix of her husband's estate. The estate is insolvent. The report of the commissioners of insolvency has been made, but the estate is not settled. The premises were "occupied" by the husband for less than six years, but the occupation was continued by the tenant, for a period amounting in the whole to more than six years before this suit.

"There was also evidence tending to show, that the land and buildings really belonged to the intestate, at and before the time of his decease, and that they were held by Joseph Bullen, by some conveyance, in fraud of the creditors of said intestate.

"There was also evidence tending to show, that the conveyance by Joseph Bullen to the demandant was collusive; and it was claimed by the counsel for the tenant, that, if such facts should be established, the defence would be made out.

"There was also evidence tending to show, that the occupation was in submission to the title of said Joseph Bullen; and there was also evidence from which it was argued that, notwithstanding the declarations of said intestate, and those claiming under him, he in fact occupied, claiming title, and that this was with the knowledge of said Joseph Bullen.

"There was also evidence from which it was contended by the tenant, that the new house, built upon the premises, which is, and at the commencement of this action was, occupied by the tenant, was built by the intestate, in 1845, on his own account, and for himself, upon this land, and with the implied assent of Joseph Bullen. There was no evidence of any notice or request to remove the house.

Thereupon the court was requested to instruct the jury; *that*, if the intestate erected the house in 1845, for himself and on his own account, on land owned by Joseph Bullen, and by said Joseph's consent, then such house was not the property of Joseph Bullen, but the property of the intestate; and *that* the tenant cannot be ejected in an action like the present, un-

til after *reasonable notice* shall have been given, to remove the. building ; and *that,* since no such notice has been proved, the demandant is not entitled to their verdict for *that* new house.

" This instruction was refused, and the court instructed the jury, that under the pleadings, no such issue was presented ; and if the house was so erected, and was the property of said intestate, the fact, that no notice to remove it had been given, would not constitute a defence."

The court was further requested to instruct the jury : —

1. That if the demanded premises were in possession of the tenant and of her late husband, for six years or more, prior to the commencement of this action, then the tenant is entitled to betterments.

2. As to the character of such possession, — if, in fact, the premises were so occupied by the intestate, really claiming the same *as his own,* regarding the same as *his,* and *this* with the assent of Joseph Bullen, then the tenant is entitled to betterments, *although* Bullen and the intestate may have united for *any other purpose,* in declarations and acts, not consistent with such occupancy.

Both these requested instructions were refused.

The trial was before SHEPLEY, C. J. Verdict was for the demandant, and the tenant excepted.

*Abbott* and *Currier,* for the defendant.

1. Witness, Bullen, was inadmissible. He testified, on the *voir dire,* that he sold the buildings to the demandant. The buildings being personal property, he was an implied warrantor of the title.

The so called release was of no effect. The court did not pass upon it. It was never submitted to the court, and its contents cannot now be ascertained.

2. The deposition was improperly received. Whether the whole thing is a fiction, made up without any *genuine* signature, is unknown ; or, if not so, how is it found, that the person who took it was a magistrate ? The court cannot officially know, who are magistrates, or what signatures are genuine..

In analogous cases, there must be evidence on these points. If the objection be taken, there must be proof.

3. The building was once the property of the tenant's husband. We offered to show that his conveyance, if he made one, to Joseph Bullen, was in fraud of creditors. The tenant, as administratrix, represents creditors. The conveyance being collusive, she is rightfully in possession, (R. S. chap. 106, sect. 41,) and bound to charge herself with the income. What if the husband and J. Bullen did both partake in the fraud? The tenant would be in the better position. *Potior est, &c.*

4. If one build and reside on land by consent of the owner; a writ of entry cannot be sustained, except on previous notice to quit.

5. The first requested instruction as to betterments ought to have been given. The case was precisely within the statute, chap. 145, sect. 23. The request was in the language of that provision. The instruction ought to have been given in that language, or as the law may have been modified by construction.

The second requested instruction ought to have been given; that if, *in fact*, the premises were so occupied by the intestate really claiming the same as his own, regarding the same as his, and *this* with the knowledge and consent of J. Bullen, then the tenant is entitled to betterments, although the intestate and Bullen may have united, *for any other purpose*, in declarations and acts inconsistent with such occupancy." Their confederacy to cheat others, did not deceive Bullen, one of the parties to it. The true question to be decided was, "what was the real character of the intestate's occupation."

*May*, for demandant.

WELLS, J., orally. — 1. As to the admissibility of Bullen, the witness: —

He had given to the demandant a quitclaim deed, under which the premises are claimed in this action, and, on the *voir dire*, stated that he had sold the buildings to the demandant. We understand this sale to have been included in the deed.

Suppose he did not own the buildings, and yet gave a quit-claim deed of them, would he be liable ? The general principle is that, under such a deed, no reclamation can be had, though the title should fail, as to the land or as to the buildings.

But if his sale of the buildings was fraudulent, he was competent as a witness, for he was released. It is said, however, that the court did not pass upon the release. Still it was called a release ; the trial went on ; no objection to its sufficiency was made ; and we must presume the opposing party waived all objection to it.

2. As to the admissibility of the deposition : — In such cases it is the usage to presume the genuineness of official signatures. *Prima facie*, they prove themselves. The *onus* is on the objecting party. Such documents are deemed authentic, in the absence of controling proof.

3. The buildings were erected by the intestate, with consent of the landlord. It is now claimed that they belong to his administratrix. But no such question arises upon the pleading. And if the matter were, as is alleged, it would not follow that the demandant cannot recover the land. For whether he did or did not recover, she would have a reasonable time, in which to remove them.

4. It is contended that, against the fraudulent conveyance of her intestate, the administratrix can hold the property for creditors. But she could not controvert the title to the land ; she could not sue a writ of entry. The law gives her simply the power to sell.

5. As to the claim for betterments, under an adverse possession : —

The two occupations could not be united to make up the six years. In order to tack one possession to the other, the title must pass by some contract from the former to the latter occupant. In this case, no title passed to the administratrix. A holding by one, under the grantee to whom he has conveyed in fraud of creditors, is not adverse.

*Judgment on the verdict.*